UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DR. JESSICA L. ECOCK-ROTONDO, PH.D.,

               Plaintiff,

v.

ROCHESTER INSTITUTE OF TECHNOLOGY,

               Defendant.
_____

**DECISION AND ORDER**

6:23-CV-06166 EAW CDH

## INTRODUCTION

Plaintiff Dr. Jessica Ecock-Rotondo, Ph.D. ("Plaintiff") alleges that her former employer, defendant the Rochester Institute of Technology ("Defendant" or "RIT"), engaged in discrimination and retaliation when it failed to hire her as director of its Center for Student Conduct and Conflict Resolution ("Center"). (Dkt. 9). Presently before the Court is Plaintiff's motion to amend the scheduling order and compel discovery. (Dkt. 34). In particular, Plaintiff seeks an order compelling Defendant to produce "all documents referencing a strategic plan for the Student Affairs Division at RIT for 2019-2022," and compelling Defendant to produce its chief human resources officer, Jo Ellen Pinkham, for a deposition. (*Id.* at 1). For the reasons discussed below, Plaintiff's motion is granted in part and denied in part.

## FACTUAL BACKGROUND

Plaintiff was previously employed by Defendant as associate director of the Center. (Dkt. 9 at ¶ 16). When the position of Center director became vacant, Plaintiff applied for the position but was ultimately not hired. (*Id.* at ¶¶ 135, 152).

Plaintiff, who is a white woman, claims that the Black man who was hired was "far less qualified for the director role" than her. (*Id.* at ¶ 153). Plaintiff further alleges that this new director was hired because of Defendant's preference to hire a Black man over a white woman, and in retaliation for Plaintiff's reporting of the previous director's alleged discriminatory and harassing behavior. (*Id.* at ¶ 159).

## **PROCEDURAL BACKGROUND**

This case has been referred to the undersigned for all non-dispositive pre-trial matters. (Dkt. 7; Dkt. 31).

After Plaintiff commenced this action and Defendant answered, the Court issued a scheduling order on September 28, 2023, which set July 29, 2024 as the deadline for motions to compel discovery. (Dkt. 20 at 3). Thereafter, on three separate occasions—July 2, 2024, October 9, 2024, and December 10, 2024—the parties moved to extend various discovery deadlines. (*See* Dkt. 25; Dkt. 27; Dkt. 29). The Court granted all three motions. (*See* Dkt. 26; Dkt. 28; Dkt. 30). Under the operative scheduling order, the deadline to complete depositions was February 10, 2025, and the close of fact discovery was March 28, 2025. (Dkt. 30 at 2). In their motions to extend discovery, the parties never requested an extension of the deadline for motions to compel discovery, and the original July 29, 2024 deadline for such motions was therefore never amended.

In October 2024, following up on deposition testimony by various RIT employees and documents produced by Defendant, Plaintiff began requesting additional documents referencing a strategic plan for the Student Affairs Division at

RIT for 2019-2022, which apparently emphasized racial diversity in faculty and staff hiring. (*See* Dkt. 34-2 at ¶¶ 30-38). According to Plaintiff, Defendant's responses to this request on November 22, 2024, and then again on November 26, 2024, were deficient, and Defendant continued to fail to produce all responsive documents to Plaintiff's request, despite multiple follow-up requests. (*Id.* at ¶¶ 39-46).

On December 2, 2024, while the dispute over the strategic plan documents was ongoing, Plaintiff's counsel emailed Defendant's counsel canceling the deposition of Jo Ellen Pinkham, RIT's chief human resources officer, which was scheduled for December 9, 2024.[1] (*See* Dkt. 36-8 at 2). Plaintiff's counsel stated that "[w]e will need to reschedule these depositions until the documents we have requested are provided." (*Id.*).

According to Defendant, "[f]ollowing this cancellation email, counsel for Defendant learned that Jo Ellen Pinkham had no personal knowledge regarding the facts and circumstances at issue in this case." (Dkt. 36-1 at ¶ 20). On January 15, 2025, Defendant's counsel sent a letter to Plaintiff's counsel objecting to the deposition of Ms. Pinkham on the grounds that Ms. Pinkham is an "apex witness" and has no personal knowledge regarding the facts at issue in this case. (Dkt. 34-12 at 11-12).

On February 10, 2025, Plaintiff filed the instant motion to (1) compel Defendant to produce documents referencing a strategic plan for the Student Affairs

---

[1] Plaintiff also cancelled the scheduled deposition of Sandra Johnson, RIT's senior vice president of student affairs. (Dkt. 36-8 at 2).

Division at RIT for 2019-2022, (2) compel the deposition of Ms. Pinkham, and (3) sanction Defendant for its failure to comply with its discovery obligations. (Dkt. 34). Because the July 29, 2024 deadline for motions to compel discovery had passed, Plaintiff also requested that the scheduling order be modified to accommodate her untimely motion.[2] (*Id.*).

In its response, Defendant claims that it "was in the midst of compiling documents relating to any possible evidence of a strategic plan in Student Affairs at the time [Plaintiff] filed her motion to compel, which [Plaintiff's counsel] was aware of." (Dkt. 36-1 at ¶ 32). Defendant states that "[a]s of February 28, 2025, RIT has provided all relevant documentation responsive to Plaintiff's request for information regarding strategic planning for Student Affairs in the years 2019, 2020, 2021 and 2022." (*Id.*). Defendant also argues that Plaintiff does not have good cause to modify the scheduling order and reasserts its objection to the deposition of Ms. Pinkham on the grounds articulated in its January 15, 2025 letter. (*See* Dkt. 36 at 9, 11).

In her reply, Plaintiff confirms receipt of the documents identified in Defendant's response, and states that "[w]hile plaintiff appreciates defendant finally sharing these documents, which plaintiff originally requested on October 7, 2024, she

---

[2]   The Court construes Plaintiff's request to "modify the scheduling order for this case to align the deadlines for motions to compel to be after the close of fact discovery" (*see* Dkt. 34) as a two-fold request to (1) extend the deadline to file motions to compel discovery to accommodate the instant motion, and (2) extend the deadlines to complete depositions and fact discovery to accommodate the deposition of Ms. Pinkham.

now requests that defendant certify, under oath, no other responsive documents exist for this request." (Dkt. 37 at 5-6).

## DISCUSSION

### I. Modifying the Scheduling Order

Under Federal Rule of Civil Procedure 16(b)(4), the Court's scheduling order shall not be modified except upon a showing of good cause. *Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009). Good cause "depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). In other words, the movant must show that, "despite its having exercised diligence, the applicable deadline could not have been reasonably met." *Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012) (quotation omitted).

Plaintiff contends that she "could not have reasonably filed her motion to compel discovery by the July 2024 deadline," because the instant discovery disputes were not foreseeable at that time. (Dkt. 34-1 at 8-9). In response, Defendant argues that Plaintiff should have anticipated the need to extend the deadline for motions to compel because discovery disputes are common. (Dkt. 36 at 9). Defendant also argues that since Plaintiff was involved in drafting the parties' three previous motions to extend discovery deadlines, she could have included a request to extend the deadline for motions to compel. (*Id.* at 10).

Having considered the parties' arguments, the Court finds that Plaintiff has demonstrated good cause to modify the scheduling order to accommodate her motion

- 5 -

to compel the deposition of Ms. Pinkham and the deposition itself.[3] Defendant has been on notice since October 31, 2024, that Plaintiff intended to depose Ms. Pinkham (*see* Dkt. 36-1 at ¶ 13; Dkt. 36-5), and Plaintiff only cancelled the deposition scheduled for December 9, 2024, because of Defendant's failure to produce the requested documents. (*See* Dkt. 36-8 at 2); *see also Carlson v. Geneva City Sch. Dist.*, 277 F.R.D. 90, 95 (W.D.N.Y. 2011) (finding diligence and good cause to modify scheduling order to accommodate deposition when opposing party was already on notice of deposition and contributed to its delay by failing to produce relevant documents).

Most importantly, it was reasonable under the circumstances for Plaintiff not to foresee a need to include a request to extend the deadline for motions to compel in any of the parties' previous motions. Defendant did not object to the deposition until January 15, 2025—*i.e.*, more than a month after the parties' last motion for an extension of discovery deadlines. (*See* Dkt. 36-9). Moreover, Defendant concedes it was not even aware of the basis for its objection (that Ms. Pinkham lacks personal knowledge) until December 2, 2024, at the earliest (*see* Dkt. 36-1 at ¶ 20), and it continued to cooperate with Plaintiff in scheduling Sandra Johnson's deposition through January 14, 2025, without any indication of its forthcoming objection. (*See* Dkt. 34-12 at 9). Plaintiff also clearly exercised diligence in trying to reschedule Ms. Pinkham's deposition before the February 10, 2025 deadline to complete depositions. (*See id.*). The Court therefore finds good cause to modify the scheduling order.

---

[3] As discussed in more detail below, the Court interprets as moot the portion of Plaintiff's motion seeking to compel Defendant to produce documents. The Court's finding of good cause is therefore limited to the deposition of Ms. Pinkham.

## II. Request to Compel Production

If a party fails to produce documents requested under Rule 34, the party seeking discovery may move for an order compelling production. Fed. R. Civ. P. 37(a)(3)(B)(iv).

When Plaintiff filed the instant motion on February 10, 2025, she sought an order compelling Defendant to produce documents referencing a strategic plan for the Student Affairs Division at RIT for 2019-2022. (*See* Dkt. 34 at 1). On February 28, 2025, Defendant provided Plaintiff with responsive materials. (Dkt. 37-1 at ¶ 6). Defendant then filed its response to this motion, stating that "[n]o further responsive documents exist or can be produced in response to Plaintiff's motion to compel." (Dkt. 36 at 11).

In her reply, Plaintiff indicates that Defendant's February 28th production is in satisfaction of her original request, albeit untimely. (*See* Dkt. 37 at 6). Plaintiff now says that she "requests that defendant certify, under oath, no other responsive documents exist for this request." (*Id.*). Accordingly, Plaintiff's motion appears to be moot to the extent it seeks the production of documents.

The Court declines to order Defendant to certify under oath that no additional responsive documents exist. First, neither party has included Defendant's February 28th production in any of their motion papers, so the Court is limited in evaluating the adequacy of the response. Second, the cases Plaintiff cites in support of her request for such an order involve situations where a party provides a standalone response to a document request stating that no further responsive documents exist.

- 7 -

*See Nau v. Papoosha*, No. 3:21 CV 00019(SALM), 2023 WL 122622 (D. Conn. Jan. 6, 2023); *Adecco USA, Inc. v. Staffworks, Inc.*, No. 6:20-CV-00744 MAD TWD, 2022 WL 20436867 (N.D.N.Y. June 21, 2022). The courts in those cases ordered a sworn certification because a response stating no responsive documents exist is governed by Rule 33, which requires responses by parties to be made under oath. *See Napolitano v. Synthes USA, LLC*, 297 F.R.D. 194, 200 (D. Conn. 2014) (collecting cases). That issue is not present here, since Defendant produced responsive documents, and did not provide a standalone response that no documents exist. Furthermore, Defendant's counsel states in her declaration and memorandum of law opposing this motion that no further responsive documents exist. (*See* Dkt. 36-1 at ¶ 32; Dkt. 36 at 11). "The court is entitled to rely on the representations of counsel, as officers of the court." *Kozak v. Off. Depot, Inc.*, No. 1:16-CV-943 LJV JJM, 2020 WL 12957618, at *2 (W.D.N.Y. June 22, 2020), *aff'd*, 2020 WL 5757183 (W.D.N.Y. Sept. 28, 2020).

For these reasons, Plaintiff's motion to compel is denied as moot to the extent it seeks production of documents.

### III.   Request to Compel Deposition

The Court now turns to Plaintiff's request to compel Defendant to produce Ms. Pinkham for a deposition. Defendant objects to the deposition on the grounds that (1) the deposition is precluded by the apex doctrine and (2) Ms. Pinkham has no relevant information concerning Plaintiff's claims. (Dkt. 36 at 11-12). The Court is unpersuaded by these arguments, for the reasons that follow.

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs to the case[.]" Fed. R. Civ. P. 26(b)(1). "Relevance for discovery purposes is an extremely broad concept which has been construed to encompass any matter that bears on, or reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Mitchell v. Fishbein*, 227 F.R.D. 239, 248 (S.D.N.Y. 2005) (quotation and alteration omitted). "Though the burden of demonstrating relevance is on the party seeking discovery, if a party objects to discovery requests, that party bears the burden of showing why discovery should be denied[.]" *Shiber v. Centerview Partners LLC*, No. 21-CV-3649 (ER), 2023 WL 3071554, at *2 (S.D.N.Y. Apr. 25, 2023) (citation omitted).

"Given the broad scope of discovery in federal civil litigation, 'it is exceedingly difficult to demonstrate an appropriate basis for an order barring the taking of a deposition.'" *Kamps v. Fried, Frank, Harris, Shriver & Jacobson L.L.P.*, No. 09 CIV 10392 RMB, 2010 WL 5158183, at *3 (S.D.N.Y. Dec. 9, 2010) (quoting *Naftchi v. New York Univ. Med. Ctr.*, 172 F.R.D. 130, 132 (S.D.N.Y. 1997)). "A witness ordinarily cannot escape examination by denying knowledge of any relevant facts, since the party seeking to take the deposition is entitled to test the witness's lack of knowledge." *Id.* (quoting 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2037 (3d ed. 2017)).

While Rule 26(b)(1) permits a broad inquiry, Rule 26(b)(2) authorizes courts to restrict discovery that is unduly burdensome. *Treppel v. Biovail Corp.*, No. 03 CIV. 3002 PKL JCF, 2006 WL 468314, at *1 (S.D.N.Y. Feb. 28, 2006); *see also* Fed. R. Civ.

P. 26(b)(2)(C).  "Because of the possibility of business disruption and the potential for harassment, courts give special scrutiny to requests to depose high-ranking corporate and governmental officials, who are sometimes referred to as 'apex witnesses.'" *Chevron Corp. v. Donziger*, No. 11 CIV. 0691 LAK JCF, 2013 WL 1896932, at *1 (S.D.N.Y. May 7, 2013).  "[C]ourts frequently restrict efforts to depose senior executives where the party seeking the deposition can obtain the same information through a less intrusive means, or where the party has not established that the executive has some unique knowledge pertinent to the issues in the case." *Rodriguez v. SLM Corp.*, No. CIV3:07CV1866WWE, 2010 WL 1286989, at *2 (D. Conn. Mar. 26, 2010) (quotation omitted).  This so-called "apex doctrine" is rooted

> in the concern that litigants may be tempted to use such depositions—and the disruption that they may occasion—as a form of leverage or harassment by forcing senior officials to spend time in preparing for and attending a deposition when they have little or no pertinent testimony to offer.

*Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, No. 04 CIV. 5316 RMB MHD, 2006 WL 3476735, at *12 (S.D.N.Y. Nov. 30, 2006).

Nevertheless, "senior executives are not exempt from deposition, and, because principles relating to apex witnesses are in tension with the broad availability of discovery, it is important to excuse a witness from giving testimony only in compelling circumstances." *Donziger*, 2013 WL 1896932, at *1 (citations omitted).  "In ordinary circumstances, [it does not] matter that the proposed witness is a busy person or professes lack of knowledge of the matters at issue, as the party seeking the discovery is entitled to test the asserted lack of knowledge." *Naftchi*, 172 F.R.D. at 132; *see also*

*Alliance Industries, Inc. v. Longyear Holding, Inc.*, No. 08CV490S, 2010 WL 4323071, at *4 (W.D.N.Y. Mar. 19, 2010) ("Even the claim of the lack of knowledge by a high ranking official is subject to testing by the examining party.") (quotation omitted).

Here, Defendant has not demonstrated that Ms. Pinkham, RIT's chief human resources officer, qualifies as an apex witness based on her position. An apex witness must be particularly high-ranking because the relevant consideration is whether the witness is so unlikely to have unique, personal knowledge of the facts of a case that deposing them runs the risk of being cumulative, unduly burdensome, disruptive, or outright harassment. *See Scott v. Chipotle Mexican Grill, Inc.*, 306 F.R.D. 120, 122 (S.D.N.Y. 2015) ("The principle behind [the apex doctrine] is Rule 26(b)(2), which limits discovery that is unreasonably cumulative or is obtainable from a 'more convenient, less burdensome, or less expensive' source.") (quoting Fed. R. Civ. P. 26(b)(2)(C)(i)). While courts in the Second Circuit have applied the apex doctrine in the context of higher education institutions, the officers whose depositions were barred under the doctrine were among the highest-ranking employees at their respective institutions. *See, e.g., Roberts v. Los Alamos Nat'l Sec., LLC*, No. 11-CV-6206, 2015 WL 7444636, at *1, *3 (W.D.N.Y. Nov. 23, 2015) (the vice president and vice provost of the University of Rochester); *Milione v. City Univ. of New York*, 950 F. Supp. 2d 704, 714 (S.D.N.Y. 2013), *aff'd*, 567 F. App'x 38 (2d Cir. 2014) (the chancellor of the City University of New York, who "oversees 24 colleges and professional schools in the New York City area"); *cf. Naftchi*, 172 F.R.D. at 131 (permitting deposition of

the dean and chairman of the New York University School of Medicine Department of Medicine).[4]

Looking beyond Ms. Pinkham's job title, Defendant does not provide any information about the nature of Ms. Pinkham's position from which the Court could conclude her deposition would be uniquely burdensome or disruptive. *See Garrett*, WL 4031597, at *3 (finding apex doctrine did not apply to university employee who defendant "failed to show . . . is a high-ranking official who could not perform her duties if deposed"). Ms. Pinkham's own declaration does not indicate any specific burden that may result from the deposition. (*See* Dkt. 36-15). On the contrary, Ms. Pinkham identifies herself as the direct supervisor of Jahmar Elliott, who "was responsible for recruiting a 'diverse' candidate" for the Center director position, and whose deposition failed to provide the information sought by Plaintiff regarding Defendant's diversity recruiting efforts. (*See id.* at 1; Dkt. 34-1 at 14-15). The fact

---

[4] Outside of this Circuit, courts do not even uniformly apply the apex doctrine to university presidents or similarly high-ranking employees. *See, e.g., Roe v. Marshall Univ. Bd. of Governors*, No. 3:22-CV-00532, 2024 WL 388412 (S.D.W. Va. Jan. 31, 2024) (holding deposition in abeyance); *Lewis v. Bd. of Supervisors of Louisiana State Univ. & Agric. & Mech. Coll.*, No. CV 21-198-SM-RLB, 2023 WL 7251507 (M.D. La. Nov. 2, 2023) (allowing limited scope deposition); *Encinas v. Univ. of Washington*, No. 2:20-CV-01679-TL, 2023 WL 6066522 (W.D. Wash. Sept. 18, 2023) (quashing deposition); *Barlow v. Washington*, No. C20-5186 BHS, 2021 WL 5910485 (W.D. Wash. Jan. 4, 2021) (allowing deposition); *Burns v. Tuskegee Univ.*, No. 3:19-CV-509-ECM-SMD, 2020 WL 12992095 (M.D. Ala. Oct. 19, 2020) (quashing deposition); *Garrett v. Univ. of S. Fla. Bd. of Trustees*, No. 8:17-CV-2874-T-23AAS, 2018 WL 4031597 (M.D. Fla. Aug. 23, 2018) (denying motion to compel deposition); *Raml v. Creighton Univ.*, No. 8:08CV419, 2009 WL 3335929 (D. Neb. Oct. 15, 2009) (allowing limited scope deposition); *Mansourian v. Bd. of Regents of Univ. of Cal. at Davis*, No. CIVS 03-2591 FCD EFB, 2007 WL 4557104 (E.D. Cal. Dec. 21, 2007) (allowing deposition of chancellor).

that Ms. Pinkham is only one step removed from another deposed witness, who could not provide relevant information sought by Plaintiff, supports the conclusion that her position is not senior enough to preclude her deposition. The fact that Ms. Pinkham's deposition was already noticed and scheduled supports the same conclusion.

In sum, the Court finds that Defendant has not shown that Ms. Pinkham qualifies as an apex witness. Nor is the Court persuaded by Defendant's arguments regarding Ms. Pinkham's alleged lack of relevant information. Consequently, Plaintiff is entitled to depose Ms. Pinkham despite her professed lack of knowledge. Plaintiff's motion to compel is granted to the extent that Defendant must produce Ms. Pinkham for a deposition at the earliest possible date.

## IV. Sanctions

Plaintiff asks the Court to "[i]mpose any necessary sanctions for defendant's failure to comply with its discovery obligations." (Dkt. 34-1 at 16). Plaintiff provides little context for this request, but seems to suggest elsewhere in her papers that the Court should find "bad faith on the part of defendant's counsel" and impose sanctions pursuant to 28 U.S.C. § 1927. (*See id.* at 12). The Court finds that sanctions are not warranted under either the Court's inherent authority or § 1927. The Court further declines to sanction Defendant under Federal Rule of Civil Procedure 37(d).

"When imposing sanctions pursuant to is inherent powers, the district court must find that the conduct in question was 'without a colorable basis' and undertaken in bad faith, i.e. 'motivated by improper purposes such as harassment or delay.'" *Murphy v. Bd. Of Educ. Of Rochester City Sch. Dist.*, 196 F.R.D. 220, 225 (W.D.N.Y.

2000) (quoting *Schlaifer Nance & Co. v. Est. of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999)). "[T]he Supreme Court has made clear that courts should impose sanctions pursuant to their inherent authority only in rare circumstances." *Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 235 (2d Cir. 2020); *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) ("Because of their very potency, inherent powers must be exercised with restraint and discretion.").

Section 1927 provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "To impose sanctions under § 1927, a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith—that is, motivated by improper purposes such as harassment or delay." *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 55 (2d Cir. 2018) (quotation and alteration omitted). "A court may infer bad faith when a party undertakes frivolous actions that are completely without merit." *Id.* (quotation omitted). Section 1927 "should be construed narrowly and with great caution." *Mone v. Comm'r*, 774 F.2d 570, 574 (2d Cir. 1985).

Here, Defendant has credibly explained that it was actively searching for responsive documents and in regular communication with Plaintiff regarding its efforts. (*See* Dkt. 36-1 at ¶ 24-32). Moreover, while the Court is not persuaded by Defendant's argument that Ms. Pinkham is an apex witness, it is not so frivolous or meritless as to warrant the imposition of sanctions. The Court does not find that this

is the rare case in which the imposition of sanctions under its inherent authority is appropriate. Nor does the Court find that there is clear evidence that Defendant acted in bad faith, which is necessary to impose sanctions pursuant to § 1927.

The Court further finds that this is not a case in which sanctions should be assessed under Rule 37(d). Pursuant to this Rule, "[t]he court where the action is pending may, on motion, order sanctions if . . . a party or a party's officer, director, or managing agent . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A), (A)(i). "Such sanctions 'may include,' *inter alia*, prohibiting the disobedient party from introducing certain evidence, striking pleadings in whole or in part, staying proceedings, or dismissing the action." *Cerco Bridge Loans 6 LLC v. Schenker*, No. 23 CIV. 11093 (DEH), 2025 WL 622608, at *15 (S.D.N.Y. Feb. 26, 2025) (quoting Fed. R. Civ. P. 37(d)(3)). "Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). "Conduct is substantially justified if there was a 'genuine dispute' or if 'reasonable people could differ' as to the appropriateness of the contested action." *Underdog Trucking, L.L.C. v. Verizon Servs. Corp.*, 273 F.R.D. 372, 377 (S.D.N.Y. 2011).

Here, there was a genuine dispute regarding whether Ms. Pinkham qualifies as an apex witness. While the Court has ultimately resolved that dispute in Plaintiff's favor, it does not find that Defendant's position was unreasonable or

pursued in bad faith. Accordingly, the Court declines to sanction Plaintiff under Rule 37(d).

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to amend the scheduling order and compel discovery (Dkt. 34) is granted in part and denied in part. The deadlines for completing depositions and fact discovery, as set forth in the operative scheduling order, are hereby extended for the limited purpose of deposing Ms. Pinkham. Defendant is ordered to confer with Plaintiff to set a mutually agreeable date and time for the deposition. All other requested relief is denied.

**SO ORDERED**.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated: Rochester, New York
       April 25, 2025