UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DR. JESSICA L. ECOCK-ROTONDO, PH.D.,

     Plaintiff,      **DECISION AND ORDER**

  v.
              6:23-CV-6166 EAW

ROCHESTER INSTITUTE OF
TECHNOLOGY,

     Defendant.

_____

   Plaintiff Dr. Jessica L. Ecock-Rotondo, Ph.D. ("Plaintiff") has sued defendant

Rochester Institute of Technology ("Defendant") for employment-based discrimination

and retaliation. (Dkt. 9). Plaintiff and Defendant have filed competing summary judgment

motions. (Dkt. 45; Dkt. 46). Also pending before the Court are Plaintiff's motions to seal

various exhibits related to the pending summary judgment motions. (Dkt. 49; Dkt. 60).

Defendant has filed papers partially opposing the motions to seal. (Dkt. 66; Dkt. 67).[1]

   To the extent Plaintiff has not withdrawn some of her requests to seal (*see* Dkt. 68),

the motions to seal are denied because Plaintiff has failed to meet her burden to justify

---

[1]  Defendant's lack of opposition to some of Plaintiff's sealing requests is not dispositive because the Court's obligation to provide public access to judicial documents operates independently from the parties' positions on whether the matters should be sealed. *See*, *e.g.*, *Cantinieri v. Verisk Analytics, Inc.*, No. 21CV6911(NJC)(JMW), 2024 WL 759317, at *2 (E.D.N.Y. Feb. 23, 2024) ("Although the parties are moving jointly to seal these documents . . . this Court must—given the common law right of public access to judicial documents firmly rooted in our nation's history—ensure that the requested sealing is narrowly tailored and 'is necessary to preserve higher values' above the public's right to transparency." (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119, 124 (2d Cir. 2006)).

sealing of the exhibits.  Plaintiff must publicly file the documents within fourteen (14) days of the date of this Decision and Order.

## DISCUSSION

"In deciding whether to seal or unseal filed materials, a court properly conducts a three-step inquiry: 'First, the court determines whether the record at issue is a judicial document—a document to which the presumption of public access attaches.  Second, if the record sought is determined to be a judicial document, the court proceeds to determine the weight of the presumption of access to that document.  Third, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document and balance those factors against the weight properly accorded the presumption of access.'"  *Giuffre v. Maxwell*, 146 F.4th 165, 175 (2d Cir. 2025) (quoting *Stafford v. Int'l Bus. Machs. Corp.*, 78 F.4th 62, 69-70 (2d Cir. 2023)).  To overcome the presumption of public access to judicial documents, the Court must make "specific, on-the-record findings that sealing is necessary to preserve higher values" and any sealing order must be "narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). The burden is on the proponent of sealing to overcome the presumption of public access to judicial documents.  *United States v. Buff*, No. 23-1070-CV, 2024 WL 4262956, at *3 (2d Cir. Sept. 23, 2024).

Documents submitted in connection with a motion for summary judgment are judicial records to which a strong presumption of access applies.  *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) ("[W]here documents directly affect an adjudication, . . . or are used to determine litigants' substantive legal

rights, the presumption of access is at its zenith, . . . and thus can be overcome only by extraordinary circumstances." (citation modified)); *McDay v. Eckert*, No. 1:20-CV-233-JLS-JJM, 2025 WL 2115475, at *1 (W.D.N.Y. July 29, 2025) ("[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons." (quoting *Lugosch*, 435 F.3d at 121)).

Plaintiff asks the Court to seal twenty exhibits filed in support of her pending summary judgment motion and in opposition to Defendant's summary judgment motion.[2] These exhibits include documents relied on by Plaintiff in connection with her summary judgment arguments, including performance reviews, resumes, and employment application information. (Dkt. 47; Dkt. 49; Dkt. 59; Dkt. 60). Plaintiff says these exhibits should be under seal because they "provide specific employment data, including names, dates of hire, personnel files, and race and sex demographics." (Dkt. 49-1 at 5; Dkt. 60-1 at 5). However, much of this information, if not included in other exhibits, is expressly discussed in the briefings and therefore would not be made confidential by sealing these documents.

Additionally, Plaintiff makes no specific arguments as to why the information in these exhibits is so sensitive or confidential to justify sealing. Conclusory statements about the alleged confidentiality of the information is insufficient to support sealing. *See, e.g., Rowe v. Google LLC*, No. 19-CV-8655-LGS, 2022 WL 4467628, at *3 (S.D.N.Y. Sept. 26,

---

[2] In her first motion to seal Plaintiff sought to seal 17 exhibits (Dkt. 49), and then in the second motion she sought to seal 13 exhibits (Dkt. 60). But by letter dated December 30, 2025, Plaintiff withdrew the request to seal 10 of those exhibits. (Dkt. 68).

2022) (requiring party to show with particularity the basis for a sealing request to permit the court to make specific findings as to the necessity for sealing); *Bronx Conservatory of Music, Inc. v. Kwoka*, No. 21-CV-1732-AT-BCM, 2021 WL 2850632, at *3 (S.D.N.Y. July 8, 2021) ("Neither 'conclusory assertion[s]' of harm nor '[b]road and general findings by the trial court' will suffice [to support sealing judicial documents]." (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987))).  Plaintiff has not even attempted to document the particularized harm that would arise from public disclosure of the exhibits in question.

Plaintiff's other justification for sealing is that the exhibits are subject to a confidentiality agreement between the parties.  (Dkt. 49; Dkt. 60).  While relevant, the fact that any of the information was subject to protection under a confidentiality protective order entered in this matter does not alone justify granting the motions to seal.  *See Uni-Sys., LLC. v. United States Tennis Ass'n Inc.*, No. 17-CV-147-KAM-CLP, 2020 WL 8266015, at *8 (E.D.N.Y. July 6, 2020) ("[W]hile 'a protective order may provide guidance to the parties regarding what documents it might be appropriate to seal . . ., the decision to allow documents to be filed under seal in connection with motions and court proceedings is a wholly separate inquiry governed by a different standard than whether to maintain documents disclosed in discovery in confidence.'" (quoting *Johnson v. Fed. Bureau of Prisons*, No. 16-CV-919, 2017 WL 5197143, at *3 (E.D.N.Y. Nov. 9, 2017))); *see also Loma Linda Univ. v. Smarter Alloys, Inc.*, No. 19-CV-607-LJV-MJR, 2024 WL 4932525, at *2 (W.D.N.Y. Dec. 2, 2024) ("[T]he fact that a document was marked as confidential during discovery does not mean that it should be sealed when submitted in connection with a dispositive motion."); *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 471 (S.D.N.Y.

2017) ("[C]ourts in this district have repeatedly found that the preservation of such bargained-for confidentiality does not overcome the presumption of access to judicial documents."). Further, whether the parties agreed to keep the information confidential at any point of the litigation is not dispositive because the Court's obligation to provide public access to judicial documents operates independently from the parties' positions on whether the matters should be sealed. *See Cantinieri*, 2024 WL 759317, at *2 ("[D]espite the existence of a court-approved protective order . . . this Court must . . . ensure that the requested sealing is narrowly tailored and 'is necessary to preserve higher values' above the public's right to transparency." (quoting *Lugosch*, 435 F.3d at 119, 124)).

## CONCLUSION

For these reasons, the Court finds that none of the exhibits should be sealed and Plaintiff's motions to seal (Dkt. 49; Dkt. 60) are denied. Plaintiff is ordered to publicly file the documents that are the subject of the motions to seal within 14 days of entry of this Decision and Order by selecting the continuation of exhibits option in CM/ECF and linking them to the relevant summary judgment filing.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:     August 9, 2026
            Rochester, New York